IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARLOS JACK SUBEL, # 141448,    *
                                  *
    Plaintiff,              *
                                    *
vs.                          * CIVIL ACTION NO. 23-00367-JB-B
                                  *
BRENDA Q. GANEY, *et al.*,    *
                                  *
    Defendants.            *

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] Plaintiff Carlos Jack Subel, an Alabama prison inmate proceeding without counsel, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). Subel's complaint was not on this Court's required form for a prisoner complaint under 42 U.S.C. § 1983. (See Doc. 1); see also S.D. Ala. CivLR 9(c) ("Prisoners appearing *pro se* who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk using the form available from the Court."). Likewise, Subel's IFP motion was not on this Court's form for a motion to proceed without prepayment of fees in a prisoner action. (See Doc. 2).

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. 72(a)(2)(R).

Thus, on October 12, 2023, the undersigned ordered Subel to re-file his complaint using this Court's required § 1983 prisoner complaint form by November 13, 2023.  (Doc. 3 at 1).  The undersigned also ordered Subel to re-file his IFP motion on this Court's form for a motion to proceed without prepayment of fees by November 13, 2023.[2]  (Id. at 3).  Subel was cautioned that failure to timely comply with the Court's order would result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's order.  (Id. at 4).

On November 27, 2023, after Subel failed to make any filing in response to the Court's order, the undersigned entered a report and recommendation ("R&R"), in which it was recommended that this action be dismissed without prejudice for Subel's failure to prosecute and failure to obey the Court's order. (Doc. 4).  On December 8, 2023, Subel filed objections to the R&R.  (Doc. 5).  Among the objections raised by Subel was that the undersigned's October 12, 2023 order had "only" directed the Clerk to send him copies of this Court's forms for a § 1983 prisoner complaint and a motion to proceed without prepayment of fees "without returning any referred-to exhibits which were attached to the improper complaint."  (Id. at 3).

---

[2] In lieu of filing a new IFP motion, Subel was given the option to pay the $402 filing and administrative fees by November 13, 2023.  (Doc. 3 at 3).

In an order dated January 2, 2024, the undersigned explained that most of Subel's objections were meritless but noted that Subel was "correct that the undersigned's order dated October 12, 2023 did not direct the Clerk to return copies of the original complaint and exhibits to Subel so that he could use or refer to them in drafting an amended complaint." (Doc. 6 at 3-4). In light of Subel's suggestion that he needed to refer to the original complaint's voluminous exhibits in drafting an amended complaint in compliance with the Court's repleading order, the undersigned withdrew the R&R recommending dismissal for failure to prosecute and obey the Court's order. (Id. at 4-5).

After directing the Clerk to send Subel copies of his original complaint, exhibits, and IFP motion,[3] the undersigned ordered Subel to re-file his complaint on this Court's required § 1983 prisoner complaint form by February 2, 2024. (Id. at 5). The undersigned also ordered Subel to either re-file his IFP motion on this Court's form or pay the filing fee by February 2, 2024. (Id. at 7). The undersigned cautioned Subel that failure to timely comply with the order would result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's

---

[3] The Court also directed the Clerk to send Subel additional copies of this Court's § 1983 prisoner complaint and IFP motion forms. (Doc. 6 at 5).

order.  (Id.).  The Court's order and the accompanying documents were mailed to Subel at St. Clair Correctional Facility.

To date, Subel has not re-filed his complaint on this Court's required § 1983 prisoner complaint form, despite being ordered to do so no later than February 2, 2024.  Subel also has not re-filed his IFP motion on this Court's form, nor has he paid the filing fee, despite being ordered to do one of those things no later than February 2, 2024.  Subel has not requested additional time to comply with the Court's order, he has not indicated that he is unable to comply with the Court's order, and he has not provided any explanation for his failure to timely comply with the Court's most recent order.  Additionally, none of the orders in this case have been returned to the Court as undeliverable, and an online search reveals that Subel is still incarcerated at St. Clair Correctional Facility, where the Court's order and accompanying documents were sent.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order."  Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient

disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Here, even after receiving copies of his original complaint, exhibits, and IFP motion, Subel has made no apparent attempt to comply with the Court's order directing him to re-file his complaint on the Court's required form and to either re-file his IFP motion on the Court's form or pay the filing fee. Subel has not explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Subel's lack of response suggests that he has lost interest in and abandoned the prosecution of this action. Additionally, the undersigned notes that this is the second time Subel has failed to respond to an order of this Court. In light of Subel's failure to prosecute this action and his willful failure to comply with this Court's order, it is recommended that this

action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as no lesser sanction will suffice.[4]

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper

---

[4] The Court notes that Subel appears to complain of acts or omissions that occurred after December 9, 2022.  (See Doc. 1).  In Alabama, the statute of limitations for filing a § 1983 action is two years.  Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Subel would have the ability to re-file his claims prior to the expiration of the statute of limitations.

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **16th** day of **February, 2024.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

7